IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| MIGUEL WILLIAMS, ADC # 152068, | * | |
| | * | |
| PETITIONER | * | |
| v. | * | |
| | * | No. 5:13CV00384-JJV |
| RAY HOBBS, | * | |
| | * | |
| RESPONDENT | * | |

**MEMORANDUM AND ORDER**

**I.   BACKGROUND**

Because of the excellent recitation of the facts by both counsel for Petitioner and Respondent, it need not be repeated in detail here. (*See* Doc. Nos. 32, 33.) Nevertheless, the basic facts are as follows.

Miguel Williams is serving a 300-month sentence in the Arkansas Department of Correction after a Pulaski County jury convicted him of aggravated residential burglary and aggravated robbery. Because Mr. Williams never fully paid his trial attorney, Darrell Brown, Jr., Esq. (Respondent's Hearing Exhibit C at 2-8), Mr. Brown opted not to represent him on appeal. (*Id.* at 9-10.) Counsel filed a motion to be relieved (*Id.* at 13-14) and because he was retained, the Pulaski County Circuit Court relieved Mr. Brown and took no further action. (*Id.* at 29.) Still, Mr. Brown provided Mr. Williams with the documents necessary to initiate his appeal *pro se.* (*Id.* at 13-25.)

Mr. Williams's mother, Sharon Williams, then hired John Stratford, Esq. The scope of Stratford's representation remains unclear, but both Ms. Williams and her son believed Mr. Stratford was going to seek some relief from his conviction. At the time Stratford was hired, enough time remained to file the appeal. Inexplicably, Mr. Stratford never filed an appeal and time ran out. Mr. Williams later sought permission to file a belated appeal (Doc. No. 1 at 15-16), but the Arkansas

Supreme Court denied his motion for belated appeal. (*Id.* at 17-18.)

As a result, Mr. Williams filed the instant Petition for Writ of Habeas Corpus, which was "ghost written" by Walter "Craig" Lambert, Esq., an experienced habeas lawyer. In the Petition, Mr. Williams claims Mr. Brown was ineffective. He says, "No further steps were taken to ensure that Williams' right to a direct appeal from his conviction was protected, even though Williams never waived his right to an appeal and expressly stated that he did, in fact, desire an appeal." (*Id.* at 2.) Respondent filed a Response saying Mr. Williams's Petition was time barred and procedurally barred. (Doc. No. 8.) Mr. Lambert then entered an appearance as Williams's counsel. (Doc. No. 10.) Additional pleadings were filed (Doc. Nos. 9, 12, 13) and after reviewing these pleadings, the Court began to schedule an evidentiary hearing. At that point, Mr. Lambert notified the Court there would be a conflict if this matter proceeded to an evidentiary hearing. The conflict was based on Mr. Stratford's involvement in the case, such as hiring Mr. Lambert to provide consulting services and writing the habeas Petition. So the Court relieved Mr. Lambert and appointed John Wesley Hall, Jr., Esq., to serve as Williams's habeas counsel. (Doc. No. 15.)

On November 12, 2014, the Court held an evidentiary hearing at which Sharon Williams, Darrel Brown, John Stratford, and Craig Lambert all testified. The Court also received several exhibits. Counsel[1] for both sides were allowed to provide post hearing briefs, and the matter is ready for disposition. After careful consideration and deliberation (and some reluctance), the Court finds the Petition should be dismissed as time barred.

---

[1] Many of the facts in this case cause the Court great concern. Undoubtedly the Williams have lost confidence in the legal profession. On the other hand, Assistant Attorney General Christian Harris and Mr. John Wesley Hall, Esq., have performed with distinction.

2

## II.     ANALYSIS

### A.     Statute of Limitations

Respondent argues that Mr. Williams's Petition is barred by the statute of limitations. (Doc. No. 8 at 6-11; Doc. No. 32 at 17-27.) Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

The one-year limitations period for filing a federal habeas petition began on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Williams, time began ticking on March 27, 2012 - the date of entry of the amended sentencing order. (Doc. No. 1 at 8-11.)

The first post-conviction event in Mr. Williams's case was that his retained counsel, Darrell F. Brown, Jr., Esq., moved to be relieved as counsel. After trial, Mr. Brown explained to Mr.

Williams that he would not represent him on appeal.  On March 16, 2012, Mr. Brown mailed a letter to Mr. Williams confirming this conversation and providing a copy of the motion to withdraw that he intended to file.  (Resp.'s Hrg. Ex. C at 21.)  Importantly, the letter states, "Once I am relieved you will be responsible for filing your Notice of Appeal which must be filed on or about April 16, 2012."  (*Id.*)  The letter also states, "As we discussed I have enclosed a copy of an Application for Indigency which should assist you in obtaining appellate counsel and preparation of the record for appeal as well as a Notice of Appeal."  (*Id.*)

Mr. Brown filed his motion to be relieved and withdrawn on March 20, 2012, and the court granted it on April 9, 2012.  (*Id.* at 12-14.)  On March 22, 2012, Mr. Brown also met with Ms. Williams and explained he would no longer represent her son.  (Resp.'s Hrg. Ex. C at 10.)  The next day, Mr. Brown emailed Ms. Williams to confirm his intention and provided her with the Notice of Appeal and Affidavit of Indigency forms.  (*Id.*)  The email states, "As I advised on yesterday, Miguel has 30 days from the entry of the Judgement and Commitment (Sentencing Order) which is [*sic*] I have also attached.  He will need to complete the affidavit of indigency and get [it] to the judge to sign and then file his notice of appeal."  (*Id.*)  Despite being made aware of the thirty-day requirement to file his notice of appeal *and* being provided the necessary forms and instructions on how to proceed, Mr. Miguel took no action and the time expired.

Ten months passed and, around January 30, 2013, Mr. Williams sought permission from the Arkansas Supreme Court to file a belated appeal.  (Doc. No. 1 at 15.)  But on June 6, 2013, the Arkansas Supreme Court denied the belated appeal (*Id.* at 17-18), stating:

> On March 27, 2012, judgment was entered in the Pulaski County Circuit Court reflecting that petitioner Miguel Williams had been found guilty by a jury of aggravated residential burglary, two counts of aggravated robbery, and battery in the first degree. The sentences were ordered to be served consecutively for an aggregate term of imprisonment of three hundred months.

> On April 9, 2012, an order was entered relieving petitioner's retained attorney of any further responsibility as counsel for petitioner. Petitioner did not perfect an appeal from the judgment, and he now seeks leave by pro se motion to proceed with a belated appeal pursuant to Arkansas Rule of Appellate Procedure—Criminal 2(e) (2012). The motion was filed here on May 6, 2013.
>
> In the motion for belated appeal, petitioner states that, once counsel was relieved, he was left without an attorney to represent him on direct appeal and that no steps were taken to ensure that his right to appeal was protected even though he had expressed his desire to appeal. He does not explain who was responsible for taking the steps to protect his right to appeal, and he does not state that he took any action himself to retain new counsel or, if he was then indigent, to ask the trial court that he be declared indigent and for counsel to be appointed for the direct appeal.
>
> Rule 16(a) of the Arkansas Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Here, counsel was relieved by the trial court and was thus not responsible for the direct appeal.
>
> Once counsel was relieved, the burden was on petitioner to retain other counsel, proceed pro se on appeal, or, if he had become indigent since retaining his trial attorney, to file in the trial court a motion for appointment of counsel with his affidavit of indigency appended. He did not retain other counsel, move for appointment of counsel, or proceed pro se. In his motion, petitioner offers no explanation at all for his failure to take some action if he desired to perfect an appeal.
>
> A belated appeal will not be allowed absent a showing by the petitioner of good cause for his failure to comply with proper procedure. *See Miller v. State*, 2013 Ark. 182 (per curiam). A convicted defendant may waive his right to appeal by failing to take definitive action to pursue the appeal. *Gray v. State*, 2009 Ark. 419 (per curiam). Petitioner has not met his burden of establishing that there was good cause for his failure to appeal. Accordingly, the motion for belated appeal is denied.

*Williams v. State*, 2013 Ark. 255.

While arguably time would have been tolled while his motion for belated appeal was considered, Mr. Williams still had a few months to file his habeas Petition after the Arkansas Supreme Court denied his motion. Yet, Mr. Williams took no action until December 20, 2013, when he filed the instant Petition. In this delay, Mr. Williams went well beyond the one-year time limit to file his Petition for Writ of Habeas Corpus.

Since § 2244(d) is a statute of limitations and not a jurisdictional bar, the limitations period may be subject to equitable tolling if a petitioner can show: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

It is important to first distinguish the deadline to file his direct appeal from the deadline to file his habeas Petition. This is significant because Mr. Williams's Petition for Writ of Habeas Corpus only addresses counsel's alleged ineffective assistance with filing his direct appeal. The real issue here, however, is Mr. Williams's failure to timely file his *habeas Petition*. It was more than six months after the Arkansas Supreme Court denied his motion for a belated appeal that he sought habeas relief. And although he vigorously disagrees, Mr. Williams has simply not shown that he acted "diligently" in asserting his federal habeas claims or that some "extraordinary circumstance" prevented him from filing a timely habeas petition. In fact, Petitioner has really offered very little to explain why he failed to timely file his habeas Petition.

The foregoing reasons lead the Court to conclude this matter must be dismissed as time barred. Yet the Court will address Mr. Williams's untimely direct appeal. The Court disagrees with Mr. Williams's assessment of his trial attorney, Darrell F. Brown, Jr., Esq. Mr. Brown did a good job of ensuring Mr. Williams was well aware of the deadline to file his notice of appeal. Mr. Brown also provided the forms to both Mr. Williams and his mother so they could file his notice before the time ran out. The Court agrees with Petitioner that Mr. Stratford's conduct in this matter was shameful. However, thanks to Mr. Brown, Petitioner had both the knowledge and the necessary forms to avoid Mr. Stratford's mishandling of his case.

Accordingly, Mr. Williams has not demonstrated any "extraordinary circumstances" as required by *Holland*. Petitioner's *pro se* status, lack of legal knowledge or legal resources, or any

confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. See, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir.2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008).

With regard to Petitioner's "unreasonable application of clearly established federal law" argument, the Court does not reach the merits of this claim because the Petition is time barred. Finally, Mr. Williams has not claimed actual innocence. Therefore, tolling under *McQuiggin v. Perkins*, 569 U.S. ––, 133 S.Ct. 1924, 1928 (2013), does not apply and the Court concludes Mr. Williams's Petition for Writ of Habeas Corpus must be dismissed as time barred.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred. Therefore, no certificate of appealability will

be issued.

## IV.   CONCLUSION

    IT IS, THEREFORE, ORDERED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED.

2.    A certificate of appealability will not be issued.

SO ORDERED this 16th day of January, 2015.

                                                    JOE J. VOLPE  
                                                    UNITED STATES MAGISTRATE JUDGE